# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2022

Lyle W. Cayce
Clerk

No. 21-50419

Rogelio Carlos, III; Myrna Carlos,

*Plaintiffs—Appellants*,

*versus*

M.D. William VanNess,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-401

Before Higginson, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs Rogelio Carlos and Myrna Carlos initially sued numerous defendants under federal question and supplemental jurisdiction. Their negligence claim against Defendant, Dr. VanNess, fell exclusively within the district court's supplemental jurisdiction. The district court granted Dr. VanNess' motion for summary judgment, severed the case against him from

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the original action, and proceeded to enter final judgment in the newly severed case. Plaintiffs appealed that final judgment.

"Severance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). And "a severed action must have an independent jurisdictional basis." *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005). Because the claim against Dr. VanNess has been severed from Plaintiffs' original action, supplemental jurisdiction no longer applies.

Accordingly, there must be diversity jurisdiction for this case to proceed, as the underlying claim against Dr. VanNess is a state law claim. When looking at the complaint, however, the respective citizenships of the parties are not stated. Moreover, the record is completely devoid of any evidence of diversity of citizenship.

Where citizenship cannot be determined from the record, we may remand the case to the district court to give the parties the opportunity to amend the pleadings and supplement the record to support diversity jurisdiction, if possible. *MidCap Media Finance, L.L.C., v. Pathway Data, Inc.*, 929 F.3d 310, 315 (5th Cir. 2019) (quotations omitted). We accordingly VACATE the district court's April 21, 2021 order entering final judgment in the severed case and REMAND to determine whether there is diversity jurisdiction in the severed case. We do not retain jurisdiction over this appeal.